IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville December 13, 2011

**STATE OF TENNESSEE v. RABON D. GIBSON**

**Direct Appeal from the Circuit Court for Sequatchie County**
**No. 09CR109      Buddy D. Perry, Judge**

**No. M2011-01377-CCA-R3-CD - Filed March 12, 2012**

Appellant, Rabon D. Gibson, pled guilty to three counts of attempted aggravated sexual
battery. At the sentencing hearing, the trial court denied all forms of alternative sentencing
and sentenced appellant to an eight-year sentence in the Tennessee Department of Correction.
On appeal, appellant argues that the trial court erred in denying his request for an alternative
sentence. After reviewing the record, the parties' briefs, and the applicable law, we affirm
the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J. and
JOHN EVERETT WILLIAMS, J., joined.

Philip A. Condra, District Public Defender; and B. Jeffery Harmon, Assistant Public
Defender, Jasper, Tennessee, for the appellant, Rabon D. Gibson.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie Price, Assistant Attorney
General; J. Michael Taylor, District Attorney General; and Steven Strain, Assistant District
Attorney General, for the appellee, State of Tennessee.

**OPINION**

I. Facts and Procedural History

On September 28, 2009, the Sequatchie County Grand Jury indicted appellant, Rabon
D. Gibson, on three counts of rape of a child and three counts of incest. Appellant entered
a best interest plea on March 2, 2011, to three counts of attempted aggravated sexual battery,
a Class C felony. As part of his negotiated plea agreement, appellant agreed for the court to
sentence him as a Range II, multiple offender, to concurrent eight-year sentences for each

count.  Appellant further agreed that the trial court would determine the manner of service of his sentences and that he would be on community supervision for life.

At the plea hearing, the State submitted that had the matter gone to trial, the State would be calling Jody Lockhart with the Sequatchie County Sheriff's Department, the victims in this case, Kathy Spada from the Children's Advocacy Center, and several other witnesses.

They would testify that in July of 2009, in Sequatchie County the three victims who were sisters were residing . . . where [appellant] was.  That during this period of time [appellant] had sexual contact with the three children.

The children would testify that they . . . were witnesses to one another, in terms of the unlawful sexual contact, that he sexually penetrated them as well as touch[ed] their private areas.  The children also advise that he had them watch pornographic material as part of this activity.

A search warrant was executed on the residenc[e] and various items of pornographic material were recovered by law enforcement.

Nurse Spada would testify that one of the children did have signs, physical evidence, that she had been, in fact, sexually penetrated.  Although the other two . . . children did not have . . . physical findings that were consistent with them having been sexually penetrated or molested . . . .

The trial court advised appellant of his rights, his charges, and his sentence.  Appellant stated that he understood his rights and that entering a guilty plea was in his best interest. The trial court found that appellant voluntarily and knowingly entered his plea of guilty, and the court accepted his plea.

The mother of a victim testified at appellant's sentencing hearing.  She stated that the victim was ten years old when she learned of the abuse.  She testified that because of the abuse, "[t]he sweet little girl that [she] used to know is gone."  She stated that the victim pulled away from her and did not talk to her much. The victim frequently talked about death, hated herself, and thought that everybody hated her.  According to her mother, the victim thought that everybody knew what happened to her.  The mother said that she thought the victim felt like she disappointed her and caused grief for the family.

The victim received counseling through her school.  Her mother said that she wanted the victim to receive more counseling but that the victim was happier with fewer people

knowing what happened to her and did not feel comfortable talking about what happened with many people. She stated that the victim's schoolwork declined after the incident.

In addition to the above testimony, the State relied on the presentence report, which included appellant's psychosexual evaluation. Appellant did not put on any proof at the sentencing hearing.

After reviewing the evidence, the trial court declined to grant appellant an alternative sentence. The court found that he was not a suitable candidate for any kind of alternative sentencing and ordered that he serve his eight-year sentence in the Tennessee Department of Correction. Thereafter, appellant filed a timely notice of appeal to this court.

## II. Analysis

On appeal, appellant argues that the trial court erred by denying his request for alternative sentencing. Appellant contends that he should qualify as a favorable candidate for alternative sentencing because he did not have sufficient convictions to disqualify him from alternative sentencing and only pled to a higher range pursuant to the plea agreement. Appellant further contends that he has a limited criminal history; that there was no evidence that past rehabilitation efforts failed; that split confinement would not depreciate the seriousness of the offense; and that courts have not frequently or recently been unsuccessful in applying less restrictive measures to him. Respectfully, we disagree.

When an accused challenges the length and manner of service of a sentence, this court conducts a *de novo* review on the record "with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d) (2010). We condition this presumption upon "the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). We do not apply the presumption to the legal conclusions reached by the trial court in sentencing the accused or to the determinations made by the trial court predicated upon uncontroverted facts. State v. Butler, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); State v. Smith, 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994); State v. Bonestel, 871 S.W.2d 163, 166 (Tenn. Crim. App. 1993), *overruled on other grounds by* State v. Hooper, 29 S.W.3d 1, 9 (Tenn. 2000).

In conducting a *de novo* review of a sentence, we must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel about sentencing alternatives, (e) the nature and characteristics of the offense, (f) any mitigating or enhancement factors, (g) any statistical information provided by the administrative office of the courts as to Tennessee sentencing practices for similar offenses; (h) any statements made by the accused in his own behalf; and

(i) the accused's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103, -210 (2010); State v. Taylor, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001). The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401 (2010), Sentencing Commission Cmts.; Ashby, 823 S.W.2d at 169.

A court no longer presumes that a defendant is a favorable candidate for alternative sentencing under the revised Tennessee sentencing statutes. State v. Carter, 254 S.W.3d 335, 347 (Tenn. 2008) (citing Tenn. Code Ann. § 40-35-102(6)). Instead, the "advisory" sentencing guidelines provide that a defendant "who is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6) (2010).

A trial court may deny alternative sentencing and sentence a defendant to confinement based on any of the following considerations:
> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Id. § 40-35-103(1) (2010). Furthermore, the trial court should examine the defendant's potential for rehabilitation or lack thereof when determining whether an alternative sentence is appropriate. Id. § 40-35-103(5).

The trial court properly denied alternative sentencing in appellant's case. The court sentenced appellant as a Range II offender. Thus, he was not a favorable candidate for alternative sentencing. *See* Tenn. Code Ann. §40-35-102(6). Appellant posits that because he pled to a higher range as part of his negotiated plea agreement, the trial court should not have considered him a Range II offender when determining the manner of his sentence. However, this court has previously held that defendants who are Range II offenders because of a guilty plea are not favorable candidates for alternative sentencing. State v. William Comfort, No. M2009-00672-CCA-R3-CD, 2010 WL 3516162, at *3 (Tenn. Crim. App. Sept. 9, 2010) (noting that appellant agreed for the court to sentence him as a Range II offender; therefore, he is not considered a favorable candidate for alternative sentencing.); State v. Ben Thomas Dowlen, No. M2008-00764-CCA-R3-CD, 2009 WL 47333, at *4 (Tenn. Crim. App. Jan. 8, 2009) (concluding that appellant agreed to be sentenced as a Range II offender and thus, could not avail himself of the code's language granting standard and especially

mitigated offenders "favorable consideration" for alternative sentences.).

Although not a favorable candidate, appellant is still eligible for alternative sentencing because his sentence is eight years. The trial court found that an alternative sentence would depreciate the seriousness of the offense. The trial court noted that there were multiple young victims, one of whom stated that appellant made her engage in "rather outrageous conduct with an animal." The court stated that the presentence report showed that appellant had a prior criminal history. It further commented that the statement appellant filed did not express that appellant was remorseful, but it evinced "someone [who] just really [did not] think what [he] did was any particular big deal, and that [his] personal health considerations should outweigh what happened to the victims in this case[.]"

We conclude that the evidence presented supports the trial court's decision, and the trial court did not err in ordering appellant to serve the sentence in confinement. The record shows that the victims were young girls. In their statements, the victims described the sexual abuse inflicted on them by appellant. The abuse included appellant forcing them to watch him engage in sex acts with each other. One victim stated that appellant forced her to engage in sex acts with a dog. Although appellant pled guilty to a lesser offense, "the trial court is not required to ignore actual proof of a more serious offense than the offense to which the defendant entered a plea." State v. Christopher Magness, No. W200601608CCAR3CD, 2007 WL 2428909, at *3 (Tenn. Crim. App. Aug. 27, 2007) (citing State v. Danny Horn, No. 01C01-9606-CC-00256, 1997 WL 722792, *2 (Tenn. Crim. App., Nov. 20, 1997)). Further, appellant has prior convictions for embezzlement and driving under the influence. We note that the appellant's driving under the influence conviction occurred while he was on probation for embezzlement. From the record, it appears that the trial court found that an alternative sentence would depreciate the seriousness of the offense. See Tenn. Code Ann. § 40-35-103(1)(B). After review, we conclude that the trial court properly ordered appellant to serve his sentence in confinement. Accordingly, we conclude that the issue is without merit, and appellant is not entitled to relief.

III. Conclusion

Based on the foregoing, we affirm the judgment of the trial court.

_____
ROGER A. PAGE, JUDGE